02-10-280-CR














 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00280-CR 

 

 


 
 
 Zachery Halsell
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM THE
213th District Court OF Tarrant
COUNTY

------------

MEMORANDUM
OPINION[1]

----------

          Without agreeing with the State on the
precise term of his punishment, appellant Zachery Halsell pled guilty to
violating a civil commitment order.[2] Specifically,
appellant pled guilty to count two of his indictment, which alleged that he was
under civil commitment as a sexually violent predator and violated the
commitment by engaging in anonymous and casual sex.  In exchange, the State waived all of the
indictment’s other paragraphs except for a deadly weapon notice (to which
appellant pled not true) and a habitual offender notice (to which he pled true).

          After receiving evidence from the
parties, the trial court convicted appellant and found that the deadly weapon
notice (which was based on the transmission of HIV-infected bodily fluid) and
habitual offender notice (which was based on appellant’s previous felony
convictions) were true.  The trial court
sentenced appellant to forty-five years’ confinement.  Appellant filed his notice of appeal.

          The trial court certified appellant’s
right to appeal, originally stating that this was not a plea-bargained
case.  Appellant’s appointed appellate
counsel, however, filed a motion to abate the appeal, explaining that appellant
may have entered a plea bargain when he pled guilty in exchange for the State’s
agreement to waive other allegations in the indictment.  Appellant’s counsel wanted the trial court to
determine whether the certification of appellant’s right to appeal should be
amended.  We abated the appeal, and the
trial court amended its certification to state that this case “is a
plea-bargained case and the defendant has NO right of appeal.”

          We agree with the trial court that
this case was plea bargained within the meaning of rule of appellate procedure
25.2(a)(2).  See Tex. R. App. P. 25.2(a)(2); Kennedy
v. State, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009); Shankle v. State, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003).  In a case subject to that rule, a defendant
may appeal only after getting the trial court’s permission or on matters that
were raised by written motion filed and ruled on before trial.  See
Tex. R. App. P. 25.2(a)(2).  Therefore,
in accordance with the trial court’s amended certification, which does not
indicate that either of those two circumstances applies here, we dismiss the
appeal.  See Tex. R. App. P. 25.2(a)(2), (d), 43.2(f); Chavez v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); Shankle, 119 S.W.3d at 814.

 

PER CURIAM

 

PANEL:  LIVINGSTON, C.J.;
DAUPHINOT and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 30, 2010








 











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health & Safety Code Ann. § 841.085(a)
(Vernon 2010).