02-10-285-CR












 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00285-CR

 

 


 
 
 Antonio Manuel Ramirez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 3
OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

         
Pursuant to a charge bargain in which he also waived his right of appeal,
Appellant Antonio Manuel Ramirez pled guilty to one count of online
solicitation of a minor under fourteen years of age, and the State waived five
counts of online solicitation of a minor under fourteen years of age.[2]  The trial court admitted a copy of
the plea agreement into evidence.  The trial court convicted Appellant of
online solicitation of a minor under fourteen years of
age and sentenced him to eleven years’ confinement.  After pronouncing
sentence, the trial court stated, 

         
You have a right to appeal my decision to the Second Court of Appeals located
here in Fort Worth, Texas.  You would do that by filing a written notice
of appeal or motion for new trial within 30 days of today’s date.

         
If you cannot afford a lawyer to represent you on the appeal, I will appoint
one for you at no cost to you.  

 

We
construe these statements of the trial court as granting Appellant permission
to appeal.[3]
We also note that while the trial court’s certification incorrectly indicates
that this is not a plea-bargained case, it does provide that Appellant has the
right of appeal.

         
Appellant’s court-appointed counsel has filed a motion to withdraw as counsel
and a brief in support of that motion.  In the brief, counsel avers that,
in his professional opinion, this appeal is frivolous.  Counsel’s brief
and motion meet the requirements of Anders v. California[4]
by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds for relief.[5]
 Although we gave them the opportunity to respond, neither the State nor
Appellant filed a response to the Anders brief.

         
After an appellant’s court-appointed counsel files a motion to withdraw on the
ground that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record
to see if there is any arguable ground that may be raised on his behalf.[6] 
Only then may we grant counsel’s motion to withdraw.[7]

         
We have carefully reviewed counsel’s brief, which discusses two potential
appellate grounds, and the appellate record.  We agree with counsel that
this appeal is wholly frivolous and without merit; we find nothing in the
appellate record that arguably might support this appeal.[8] 
Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s
judgment.

 

PER CURIAM

 

PANEL: 
DAUPHINOT, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 10,
2011



 









[1]See
Tex. R. App. P. 47.4.





[2]See
Tex. Penal Code Ann. § 3.03(b)(2)(A) (Vernon Supp.
2010) (expressly allowing stacking of sentences for convictions of certain
sexual offenses against children, including online solicitation of a minor); id.
§ 33.021 (providing elements of online solicitation of a minor); see also
Kennedy v. State, 297 S.W.3d 338, 342 (Tex. Crim.
App. 2009) (applying Shankle analysis to allow
appeal of ruling on motion to suppress); Shankle
v. State, 119 S.W.3d 808, 812–13 (Tex. Crim. App.
2003) (holding that charge bargain that “effectively puts a cap on punishment”
is a bargain governed by rule 25.2(a)(2)).





[3]See
Tex. R. App. P. 25.2(a)(2); Kennedy, 297 S.W.3d at 342.





[4]386 U.S. 738, 87 S. Ct. 1396 (1967). 





[5]See Stafford v. State, 813 S.W.2d
503, 510–11 & n.3 (Tex. Crim. App. 1991).





[6]See
id. at 511.





[7]See
Penson v. Ohio, 488 U.S. 75, 82–83, 109 S. Ct.
346, 351 (1988).





[8]See
Bledsoe v. State, 178 S.W.3d
824, 827–28 (Tex. Crim. App. 2005).