

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00285-CR

---

ANTONIO MANUEL RAMIREZ                                          APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a charge bargain in which he also waived his right of appeal, Appellant Antonio Manuel Ramirez pled guilty to one count of online solicitation of a minor under fourteen years of age, and the State waived five counts of online solicitation of a minor under fourteen years of age.[2]  The trial court

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 3.03(b)(2)(A) (Vernon Supp. 2010) (expressly allowing stacking of sentences for convictions of certain sexual offenses against children, including online solicitation of a minor); *id.* § 33.021 (providing elements of online solicitation of a minor); *see also Kennedy v. State*,

admitted a copy of the plea agreement into evidence. The trial court convicted Appellant of online solicitation of a minor under fourteen years of age and sentenced him to eleven years' confinement. After pronouncing sentence, the trial court stated,

> You have a right to appeal my decision to the Second Court of Appeals located here in Fort Worth, Texas. You would do that by filing a written notice of appeal or motion for new trial within 30 days of today's date.
>
> If you cannot afford a lawyer to represent you on the appeal, I will appoint one for you at no cost to you.

We construe these statements of the trial court as granting Appellant permission to appeal.[3] We also note that while the trial court's certification incorrectly indicates that this is not a plea-bargained case, it does provide that Appellant has the right of appeal.

Appellant's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[4] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for

---

297 S.W.3d 338, 342 (Tex. Crim. App. 2009) (applying *Shankle* analysis to allow appeal of ruling on motion to suppress); *Shankle v. State*, 119 S.W.3d 808, 812–13 (Tex. Crim. App. 2003) (holding that charge bargain that "effectively puts a cap on punishment" is a bargain governed by rule 25.2(a)(2)).

[3]*See* Tex. R. App. P. 25.2(a)(2); *Kennedy*, 297 S.W.3d at 342.

[4]386 U.S. 738, 87 S. Ct. 1396 (1967).

relief.[5]  Although we gave them the opportunity to respond, neither the State nor Appellant filed a response to the *Anders* brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf.[6]  Only then may we grant counsel's motion to withdraw.[7]

We have carefully reviewed counsel's brief, which discusses two potential appellate grounds, and the appellate record.  We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the appellate record that arguably might support this appeal.[8]  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 10, 2011

---

[5]*See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

[6]*See id.* at 511.

[7]*See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[8]*See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).