

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00089-CR
## NO. 02-11-00090-CR

CHRIS CRAVEN                                                              APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a charge bargain, Appellant Chris Craven pled guilty to felony theft and evading arrest with a vehicle in exchange for the State's agreement to waive repeat offender enhancement allegations.[2] He also signed a judicial

---

[1]*See* Tex. R. App. P. 47.4.

[2]See *Shankle v. State*, 119 S.W.3d 808, 812–13 (Tex. Crim. App. 2003) (holding that charge bargain that "effectively puts a cap on punishment" is a bargain governed by rule of appellate procedure 25.2(a)(2)).

confession in each case. The trial court convicted Appellant and, after hearing evidence and argument, sentenced him to eight years' confinement for the offense of evading arrest with a vehicle and to ten years' confinement, probated for ten years, for the felony theft offense.

After pronouncing sentence in each case, the trial court stated,

> Now, if you're dissatisfied with my sentence, you do have the limited right to appeal my sentence to the Second Court of Appeals located here in Fort Worth, Texas. You do so by filing your written Motion for New Trial or Notice of Appeal within 30 days of today's date.
>
> Since you cannot afford an attorney, I will allow that you will continue to have an attorney should you want one. . . . In the event that you wish to have a court—court record prepared, one will be provided to you at no cost.
>
> Do you understand your rights of appeal?

We construe these statements and question of the trial court as granting Appellant permission to appeal.[3] We also note that while the trial court's certifications incorrectly indicate that these are not plea-bargained cases, the certifications do specifically provide that Appellant has the limited right of appealing his sentences.

In each case, Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, these appeals are frivolous.

---

[3]*See* Tex. R. App. P. 25.2(a)(2); *Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009) (applying *Shankle* analysis to allow appeal of ruling on motion to suppress).

2

Counsel's brief and motion meet the requirements of *Anders v. California*[4] by presenting a professional evaluation of the records demonstrating why there are no arguable grounds for relief. Although Appellant was given an opportunity to file a pro se response to the *Anders* brief, he has not done so. The State also did not file a brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record.[5] Only then may we grant counsel's motion to withdraw.[6]

We have carefully reviewed counsel's brief and the records. We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the records that arguably might support them.[7]

---

[4]386 U.S. 738, 87 S. Ct. 1396 (1967).

[5]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

[6]*See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[7]*See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.  We dismiss Appellant's remaining motion as moot.

PER CURIAM

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 7, 2012