02-11-089 & 090-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00089-CR

NO. 02-11-00090-CR

 

 


 
 
 Chris Craven
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Pursuant
to a charge bargain, Appellant Chris Craven pled guilty to felony theft and
evading arrest with a vehicle in exchange for the State’s agreement to waive
repeat offender enhancement allegations.[2] 
He also signed a judicial confession in each case.  The trial court convicted
Appellant and, after hearing evidence and argument, sentenced him to eight
years’ confinement for the offense of evading arrest with a vehicle and to ten
years’ confinement, probated for ten years, for the felony theft offense.

After
pronouncing sentence in each case, the trial court stated,

Now,
if you’re dissatisfied with my sentence, you do have the limited right to
appeal my sentence to the Second Court of Appeals located here in Fort Worth,
Texas.  You do so by filing your written Motion for New Trial or Notice of
Appeal within 30 days of today’s date.

Since
you cannot afford an attorney, I will allow that you will continue to have an
attorney should you want one.  . . . In the event that you wish to have a
court—court record prepared, one will be provided to you at no cost.

Do
you understand your rights of appeal?

We
construe these statements and question of the trial court as granting Appellant
permission to appeal.[3]  We also note that while
the trial court’s certifications incorrectly indicate that these are not plea-bargained cases, the certifications do specifically provide that
Appellant has the limited right of appealing his sentences.

In
each case, Appellant’s court-appointed appellate counsel has filed a motion to
withdraw as counsel and a brief in support of that motion.  In the brief,
counsel avers that, in his professional opinion, these appeals are frivolous. 
Counsel’s brief and motion meet the requirements of Anders v. California[4] by presenting a
professional evaluation of the records demonstrating why there are no arguable
grounds for relief.  Although Appellant was given an opportunity to file a pro
se response to the Anders brief, he has not done so.  The State also did
not file a brief.

After
an appellant’s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record.[5]  Only then may we
grant counsel’s motion to withdraw.[6]

We
have carefully reviewed counsel’s brief and the records.  We agree with counsel
that these appeals are wholly frivolous and without merit; we find nothing in
the records that arguably might support them.[7]

Accordingly,
we grant counsel’s motion to withdraw and affirm the trial court’s judgments. 
We dismiss Appellant’s remaining motion as moot.

 

 

PER CURIAM

 

PANEL: 
DAUPHINOT,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 7, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Shankle v. State,
119 S.W.3d 808, 812–13 (Tex. Crim. App. 2003) (holding that charge bargain that “effectively puts a cap on punishment” is a bargain governed by rule of appellate procedure 25.2(a)(2)).





[3]See Tex. R. App. P.
25.2(a)(2); Kennedy v. State, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009)
(applying Shankle analysis to allow appeal of ruling on motion to
suppress).





[4]386 U.S. 738, 87 S. Ct.
1396 (1967).





[5]See Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991).





[6]See Penson v.
Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).





[7]See Bledsoe v. State,
178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).