

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00554-CR

JERMAIN EUGENE CHANDLER                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                                            STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a charge bargain, Appellant Jermain Eugene Chandler pled guilty to unlawful possession of a firearm by a felon, a third-degree felony,[2] and true to a repeat offender enhancement allegation[3] in exchange for the State's

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 46.04(a)(2), (e) (West 2011).

[3]*See id.* § 12.42(a) (West Supp. 2013).

agreement to waive the remaining counts alleged in the indictment.[4]  He also signed a judicial confession.

The trial court instructed the jury to find Appellant guilty, and after hearing evidence and argument, the jury convicted him and sentenced him to eighteen years' confinement.  The trial court ordered that the sentence run consecutively to his federal sentence and that the state sentence begin only after Appellant completed his federal sentence.[5]

The plea papers, the trial court's statements in following the plea bargain, and the certification of Appellant's right to appeal clearly indicate that while Appellant waived his right to appeal his conviction, he retained the right to appeal any sentencing error.[6]

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel's brief

---

[4]*See Shankle v. State*, 119 S.W.3d 808, 812–13 (Tex. Crim. App. 2003) (holding that charge bargain that "effectively puts a cap on punishment" is a bargain governed by rule of appellate procedure 25.2(a)(2)); *Ramirez v. State*, No. 02-10-00285-CR, 2011 WL 856925, at *1 (Tex. App.—Fort Worth Mar. 10, 2011, no pet.) (mem. op., not designated for publication).

[5]*See* Tex. Code Crim. Proc. Ann. art. 42.08 (West Supp. 2013); *Barrow v. State*, 207 S.W.3d 377, 381 (Tex. Crim. App. 2006).

[6]*See* Tex. R. App. P. 25.2(a)(2)(B); *Ramirez*, 2011 WL 856925, at *1; *see also Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009) (applying *Shankle* analysis to allow appeal of ruling on motion to suppress).

and motion meet the requirements of *Anders v. California*[7] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Appellant filed a pro se response to the *Anders* brief, but the State did not file a brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record.[8] Only then may we grant counsel's motion to withdraw.[9]

We have carefully reviewed counsel's brief, Appellant's pro se response, and the record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal.[10]

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

---

[7]386 U.S. 738, 87 S. Ct. 1396 (1967).

[8]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

[9]*See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[10]*See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

PER CURIAM

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 21, 2013