# NO. 12-13-00174-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARSHALL LUCAS,* *APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *PER CURIAM ORDER ON ABATEMENT AND REMAND*

Appellant Marshall Lucas appeals his conviction for intoxication assault. After examining the appellate record, we abate the appeal and remand the case for further proceedings. *See* TEX. R. APP. P. 25.2(a)(2), 34.5(c)(2), 37.1; ***Dears v. State***, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005).

### The Trial Court's Certification

A trial court is required to enter a certification of a defendant's right of appeal in every case in which it renders a judgment of guilt or other appealable order. *See* TEX. R. APP. P. 25.2(a)(2). Here, the trial court's certification is dated March 7, 2013, and is signed by Appellant and his counsel. The certification states that "[t]his criminal case is not a plea-bargain case and the defendant has the right of appeal." "[A]s to punishment only" is handwritten beside this statement.

### The Record

The clerk's record includes a document entitled "Written Plea Admonishments–Waivers–Stipulations." In paragraph 1 of the document, Appellant is informed that he is charged with two felony offenses: intoxication assault (count I) and aggravated assault (count II). Also in paragraph 1 is a typewritten statement that "[t]he State moves to reduce such charge to" followed by the handwritten notation "Dismiss-count II: Aggravated Assault." In another part of the document

is a recitation that "[t]he State and I mutually recommend to the Court that punishment in this case be assessed at." This is followed by the handwritten notation "open plea / P.S.I. sentencing." There is no statement in the document that the dismissal of count II is pursuant to a plea agreement between Appellant and the State.

At the plea hearing, the trial court judge stated that "as part of, I guess, a limited plea bargain, the State has agreed to dismiss Count Two, aggravated assault, and so this is going forward with Count One intoxication assault. Is that right?" The prosecutor responded that this was correct. Later in the hearing, the trial court judge made the following inquiry: "[A]lthough the State has a limited plea bargain by dismissing Count Two, I take it there is no plea bargain for a disposition of Count One. Is that right?" Appellant's trial counsel and the prosecutor responded that this was correct.

The record also includes a written waiver of the right to appeal signed by Appellant and accepted by the trial court on March 7, 2013, the date of the plea hearing and the trial court's certification. The waiver reads as follows:

> Having been informed of whatever right to appeal may exist, and having agreed to waive my right to appeal, both guilt/innocence and punishment, and after having consulted with my attorney, I hereby voluntarily, knowingly and intelligently waive my right to appeal.

Sentence was imposed on May 22, 2013.

In this court, the State contends that Appellant waived his right to appeal and, in exchange for a guilty plea, the State agreed to dismiss count II of the indictment. Therefore, the State contends that Appellant has no right to appeal.

**Applicable Law**

In a plea bargain case, a defendant who pleads guilty or nolo contendere may appeal only (1) those matters raised by written motion filed and ruled on before trial or (2) with permission of the trial court, if the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. TEX. R. APP. P. 25.2(a)(2). These limitations do not apply to convictions from open pleas of guilty. *See id.* An agreement that results in a defendant's pleading guilty to one charge in exchange for dismissal of another charge (a "charge" bargain) is a plea bargain agreement under Rule 25.2(a)(2). *See* **Kennedy v. State**, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009).

A defendant in a noncapital case may waive any rights secured him by law. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (West 2005). In the absence of a plea agreement regarding sentencing, a presentence waiver of the right to appeal typically is ineffective. *Ex parte Delaney*, 207 S.W.3d 794, 796-97 (Tex. Crim. App. 2006). However, presentencing waivers of the right to appeal are enforceable if they are part of a plea bargain or if the state has given consideration for the waiver. *Ex parte Broadway*, 301 S.W.3d 694, 697-98 (Tex. Crim. App. 2009). As stated above, a charge bargain is a plea bargain under Rule 25.2(a)(2). *See, e.g.*, *Kennedy*, 297 S.W.3d at 342. An agreement to dismiss a pending charge effectively puts a cap on punishment at the maximum sentence for the charge that is not dismissed. *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Thus, it can be said that an agreement exists regarding punishment. *See id*. Consequently, a presentence waiver is effective when it is entered pursuant to a charge bargain. *See Ex parte Broadway*, 301 S.W.3d at 697-98.

## Abatement

Based on our review of the record, it appears that the trial court's certification is defective. *See Dears*, 154 S.W.3d at 614 (holding that a defective certification includes one that is correct in form, but, when compared to the record, proves to be inaccurate). Accordingly, we abate the appeal and remand the case to the trial court to conduct a hearing, if necessary, to determine whether Appellant and the State entered into a charge bargain agreement, and the terms of any such agreement. *See* TEX. R. APP. P. 34.5(c), 44.3, 44.4; *Dears*, 154 S.W.3d at 614. The trial court shall cause any hearing to be transcribed, make findings of fact and conclusions of law supporting its determination, and issue any orders necessary for resolution of whether Appellant and the State entered into a charge bargain agreement and the terms of any such agreement.

We further direct that, after making its determination, the trial court re-certify whether Appellant has the right to appeal. The trial court's findings of fact and conclusions of law, the re-certification, and any orders it renders shall be included in a supplemental clerk's record. The reporter's record of any hearing conducted shall be included in a supplemental reporter's record. The trial court shall, *within thirty days* of the date of this order, cause the clerk of the trial court and the court reporter to forward to this court any supplemental record prepared in compliance with this order.

Order entered February 5, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

3