**Dismissed and Memorandum Opinion filed November 25, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00803-CR

---

### VINCENT COLBY DUFFEY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 12-DCR-059653**

---

## M E M O R A N D U M   O P I N I O N

Appellant was indicted for manslaughter. *See* Tex. Penal Code § 19.04. Pursuant to an agreement with the State, appellant pleaded guilty to the lesser-included offense of criminally negligent homicide. *See* Tex. Penal Code § 19.05. The trial court sentenced appellant to confinement for two years in the State Jail Division of the Texas Department of Criminal Justice and certified that the defendant has the right of appeal. In two issues appellant argues that (1) his

punishment is so excessive and disproportionate to the crime that it constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article 1, Section 13 of the Texas Constitution; and (2) the evidence adduced at the punishment hearing did not warrant punishing appellant with the maximum amount of confinement allowed under the statute in light of the mitigating evidence and the absence of aggravating factors. We dismiss the appeal.

## *Background*

According to the presentence investigation report (PSI), appellant was driving 84 to 97 miles per hour when he ran a red light and hit a van in which the victim and three children were riding. When police arrived at the scene they found the female driver of the van lying on her stomach in the grass with the van on top of her. The woman's baby had a laceration on the side of her head and was conscious. The woman's oldest son was found lying on his back conscious. The woman's daughter was found sitting next to the oldest son, conscious but bleeding from her mouth. Appellant was found lying on the ground conscious and breathing. The female driver was transported to Ben Taub Hospital where she later died. The children were treated at the hospital, and all three survived. Appellant had a broken leg and injured back and was also transported to Ben Taub. At the scene of the collision appellant told police he ran the red light and was speeding because he was in a hurry to see a friend.

Appellant reported to the PSI investigator that on the day of the offense he had been "up for about 3 days and had been taking his medications." He was driving down the road and reported having a blackout. Appellant reported that when he woke up he had already hit the van and did not remember anything. When the investigator confronted appellant with his earlier statement to the police officer that he was driving fast to meet a friend, appellant reported that he was not sure

what really happened, "only what other people told him he had done."

At the punishment hearing, Dr. David Axelrad, a psychiatrist, testified that he examined appellant while appellant was in Ben Taub recovering from physical injuries. While in the hospital appellant was diagnosed with schizoaffective disorder bipolar type by the attending psychiatrist at Ben Taub. Dr. Axelrad opined that appellant was most likely suffering symptoms from this disorder that led to his behavior on the day of the offense. Dr. Axelrad testified, however, that appellant was not so psychiatrically impaired at the time that he would meet the standards for insanity in Texas in terms of knowledge of wrongfulness. He further testified that appellant's prognosis is good if he takes the medications prescribed for him.

Appellant's father testified that as a young child appellant was diagnosed with Attention Deficit Hyperactivity Disorder and prescribed Ritalin and possibly Adderall. At the age of 24 appellant attempted suicide. After the attempted suicide appellant was diagnosed with schizoaffective bipolar disorder and prescribed medication, which he took regularly.

At the conclusion of the hearing, the trial court sentenced appellant to confinement for two years in a State Jail Facility.

### *Jurisdiction*

Although the trial court entered a certification of the defendant's right to appeal in which the court certified that this is not a plea bargain case and the defendant has the right of appeal, the certification was in error based on the record. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005) (court of appeals is obligated to compare the certification with the record to ascertain whether a certification is defective and act accordingly); *Shankle v. State*, 119 S.W.3d 808, 812–13 (Tex. Crim. App. 2003) (plea of guilty pursuant to agreement to reduce the charge to a lesser-included is a plea-bargain agreement subject to Tex. R. App. P.

3

25.2(a)(2)). We have no jurisdiction over the appeal. *See* Tex. R. App. P. 25.2(a)(2). Because this is a charge-bargain case, appellant has the right to appeal under Texas Rule of Appellate Procedure 25.2(a)(2), only: (a) those matters that were raised by written motion filed and ruled on before trial, or (b) after receiving the trial court's permission to appeal. *Kennedy v. State*, 297 S.W.3d 338, 340–41 (Tex. Crim. App. 2009). A charge bargain "effectively puts a cap on punishment," and is a bargain governed by Texas Rule of Appellate Procedure 25.2(a)(2). *Shankle v. State*, 119 S.W.3d 808, 812–13 (Tex. Crim. App. 2003). The record does not reflect the trial court's permission to appeal or any pretrial motions that could be appealed.

On October 27, 2014, this court sent notice to the trial court giving the court an opportunity to correct the certification of appellant's right to appeal. No corrected certification has been filed. Despite the incorrect certification, we have no jurisdiction of appellant's appeal. *See Waters v. State*, 124 S.W.3d 825, 826–27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (holding reviewing court lacked jurisdiction where defendant pled guilty with a sentencing cap of ten years, even though trial judge certified defendant had right of appeal).

Accordingly, we dismiss the appeal.


/s/     Martha Hill Jamison
        Justice


Panel consists of Justices Boyce, Jamison, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

4