**Opinion issued May 2, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-01049-CR

————————————

**RASHARD D. MOFFETT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1450990**

## MEMORANDUM OPINION

Appellant, Rashard D. Moffett, pleaded guilty to the felony offense of aggravated robbery with a deadly weapon.[1] The trial court found appellant guilty

---

[1]     *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011); *see also id.* § 12.32 (providing applicable punishment range for first-degree felony is confinement for

and assessed his punishment at confinement for fifteen years. The appeal of this case was abated and the case was remanded to the trial court. The State has filed motions to reinstate and dismiss the appeal. We grant the motions and dismiss the appeal.

In this case, the trial court certified that this "is a plea-bargain case, and the defendant has NO right of appeal." Because the record filed in this Court did not appear to support the trial court's certification, we abated the appeal and remanded the case for clarification of appellant's right of appeal, including execution of an amended certification of appellant's right to appeal indicating whether he has the right to appeal.

After we abated the appeal, the trial court held a hearing at which appellant, his counsel, and the State were present. The hearing record indicates that appellant "was charged with three aggravated robberies" in trial court cause numbers 1450989, 1450990, and 1450554. As to these three charges, the State explained:

> The State waived [its] jury [trial] as to . . . frankly, to all three cases but, specifically, to the one that we allowed him to plead to the Court without an agreed recommendation on in consideration for the dismissal of the other two cases. Had [appellant] not been willing to give up his right to appeal, the State would have proceeded forward on all three cases to a jury. . . .

> [T]he State then held the three cases open together until [appellant] was sentenced at the time of the [presentence investigation report] and agreed to the sentence that the [trial court] was handing down at which time [the State] would have dismissed the other two. . . .

---

life, or a term of not more than 99 years or less than five years, and a fine of no more than $10,000).

[Appellant] was either waiving his right to appeal in exchange for [the State's] two dismissals or we were going to jury trial on all three cases.

"[A]s a result," according to the State, the certification of appellant's right of appeal "is correct."[2] The trial court did not amend or correct the certification of appellant's right of appeal and, thus, has certified that this case "is a plea-bargain case, and the defendant has NO right of appeal."

There are two basic types of plea bargains: sentence-bargaining and charge-bargaining. *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). The record in this case reflects a charge bargain in which appellant pleaded guilty to the charged offense of aggravated robbery with a deadly weapon in exchange for the State's agreement to dismiss other charges. *See id.* at 813–14; *see, e.g.*, *Murillo v. State*, No. 01-08-00871-CR, 2010 WL 2133876, at *3 (Tex. App.—Houston [1st Dist.] May 27, 2010, no pet.) (mem. op., not designated for publication). In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2); *Kennedy v. State*, 297 S.W.3d 338, 340–41 (Tex. Crim. App. 2009). The record does not reflect the trial court's permission to appeal or any pretrial motions

[2] Further, appellant executed plea admonishments that include his representation, "I waive my right to appeal." And, the trial court's judgment states, "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED."

3

that could be appealed. The certification included in the record states that the case is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we grant the State's motions to reinstate and dismiss the appeal, reinstate the case, and dismiss the appeal for want of jurisdiction. We dismiss all other pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).