**Opinion issued December 19, 2017**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-17-00078-CR

## NO. 01-17-00106-CR

_____

**MIGUEL E. FERAUDY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1512123 and 1512124**

---

## MEMORANDUM OPINION

Without agreed punishment recommendations from the State, appellant,

Miguel E. Feraudy, pleaded guilty, in trial court case number 1512123, to the felony

offense of burglary of a habitation[1] and, in trial court case number 1512124, to the felony offense of violation of a protective order.[2] The trial court found appellant guilty and assessed his punishment at confinement for eight years for each offense, with the sentences to run concurrently. Appellant timely filed a notice of appeal in each proceeding. We dismiss the appeals.

In each case, the trial court certified that the case "is a plea-bargain case, and the defendant has NO right of appeal." Because the record filed in this Court did not support the trial court's certification, we abated the appeal in cause number 01-17-00078-CR and remanded the case for clarification of appellant's right of appeal, including execution of an amended certification of appellant's right to appeal indicating whether he had the right to appeal.

After we abated the appeal, the trial court held at hearing at which appellant, his counsel, and the State were present. The hearing record indicates that appellant, on November 7, 2016, "was charged with three cases" in trial court case numbers 1512123, 1512124, and 1528330; appellant "reached a plea bargain agreement with the State of Texas"; he agreed "to plead guilty knowingly and voluntarily to 151223 [sic] and 1512124"; and "by doing that, the State dismissed as part of that plea bargain 1528330." Based on the trial court's certifications of appellant's right of

---

[1]    *See* TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(2) (West Supp. 2017).

[2]    *See id.* § 25.07(a)(1), (g)(2) (West Supp. 2017).

appeal and "the fact that the State did nolle one of the cases," the trial court accepted the certification "as true" and "the fact it is a plea bargain case, and you have no right of appeal." The trial court's certifications of appellant's right to appeal in both case numbers are included in the abatement hearing record and in the clerk's records filed in this Court. The certification in case number 1512123 includes the trial judge's handwritten and initialed note that "State nollied one case as part of plea negotiations." The trial court did not amend or correct the certifications of appellant's right of appeal and, thus, has certified that each case "is a plea-bargain case, and the defendant has NO right of appeal."[3]

There are two basic types of plea bargains: sentence bargaining and charge bargaining. *Shankle v. State,* 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). The records in these cases reflect a charge bargain in which appellant pleaded guilty to the felony offenses of burglary of a habitation and violation of a protective order in exchange for the State's agreement to dismiss a third charge. *See Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009); *Shankle*, 119 S.W.3d at 813–14; *see, e.g.*, *Murillo v. State*, No. 01-08-00871-CR, 2010 WL 2133876, at *3 (Tex. App.— Houston [1st Dist.] May 27, 2010, no pet.) (mem. op., not designated for publication). In a plea-bargained case, a defendant may appeal only those matters

---

[3] Further, the trial court's judgments state, "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED."

that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2); *Kennedy*, 297 S.W.3d at 340–41.

The record in these appeals does not reflect the trial court's permission to appeal or any pretrial motions that could be appealed. In each appeal, the certification included in the record states that the case is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). And, the records support the trial court's certifications. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss these appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeals for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Brown, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).