

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

No. 02-19-00079-CR
No. 02-19-00080-CR

TERRICK WHITE, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1511843D, 1507579D

---

## ABATEMENT ORDER

Based on our review of the record, we are concerned that the "Trial Court's Certification of Defendant's Right of Appeal" in both cases are incorrect because appellant Terrick White entered into plea bargains. *See* Tex. R. App. P. 25.2(a)(2), (d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003).

In both cases, White and the State entered charge bargains. A charge bargain means a "plea bargain whereby a prosecutor agrees to drop some of the counts or reduce the charge to a less serious offense in exchange for a plea of either guilty or no contest from the defendant."

*Harper v. State*, 567 S.W.3d 450, 455 (Tex. App.—Fort Worth 2019, no pet.) (quoting *Charge bargain*, Black's Law Dictionary (10th ed. 2014)). A charge bargain qualifies as a plea bargain subject to Rule of Appellate Procedure 25.2(a)(2). *See* Tex. R. App. P. 25.2(a)(2), (d); *Shankle*, 119 S.W.3d at 813–14; *see also Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009). The trial court's certifications in both cases are thus incorrect. *See Kennedy*, 297 S.W.3d at 342 (concluding that a defendant had entered into a plea-bargain agreement subject to Rule 25.2(a)(2) even though his paperwork stated that he had entered an open guilty plea).

Thus, we abate these appeals and remand the cases to the trial court so that the trial court may enter amended certifications that comport with the record. *See* Tex. R. App. P. 25.2(d), 34.5(c)(2).

The trial court, White, and White's counsel must sign the amended certifications if possible. If White and White's counsel are unable to sign the amended certifications, the trial court must send them copies through certified mail and provide this court with proof of such mailings. The trial court must use whatever means necessary to secure complete, proper amended certifications and must inform this court as soon as practicable if it is unable to execute the certifications in accordance with the requirements of Rule 25.2(d). *See* Tex. R. App. P. 25.2(d).

Supplemental clerk's records containing the amended certifications must be filed with this court no later than **Thursday, December 12, 2019**. *See* Tex. R. App. P. 34.5(c)(2). Any supplemental reporter's record must also be filed by that date. Upon receipt of the supplemental records, these appeals will be automatically reinstated and must either continue or be dismissed.

We direct the clerk of this court to send a copy of this order to the attorneys of record, the trial court judge, the trial court clerk, and the court reporter.

Dated November 12, 2019.

Per Curiam