

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-10-00280-CR**

ZACHERY HALSELL                                                                APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

Without agreeing with the State on the precise term of his punishment, appellant Zachery Halsell pled guilty to violating a civil commitment order.[2] Specifically, appellant pled guilty to count two of his indictment, which alleged that he was under civil commitment as a sexually violent predator and violated the commitment by engaging in anonymous and casual sex. In exchange, the

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Health & Safety Code Ann. § 841.085(a) (Vernon 2010).

State waived all of the indictment's other paragraphs except for a deadly weapon notice (to which appellant pled not true) and a habitual offender notice (to which he pled true).

After receiving evidence from the parties, the trial court convicted appellant and found that the deadly weapon notice (which was based on the transmission of HIV-infected bodily fluid) and habitual offender notice (which was based on appellant's previous felony convictions) were true. The trial court sentenced appellant to forty-five years' confinement. Appellant filed his notice of appeal.

The trial court certified appellant's right to appeal, originally stating that this was not a plea-bargained case. Appellant's appointed appellate counsel, however, filed a motion to abate the appeal, explaining that appellant may have entered a plea bargain when he pled guilty in exchange for the State's agreement to waive other allegations in the indictment. Appellant's counsel wanted the trial court to determine whether the certification of appellant's right to appeal should be amended. We abated the appeal, and the trial court amended its certification to state that this case "is a plea-bargained case and the defendant has NO right of appeal."

We agree with the trial court that this case was plea bargained within the meaning of rule of appellate procedure 25.2(a)(2). *See* Tex. R. App. P. 25.2(a)(2); *Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009); *Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003). In a case subject to that rule, a defendant may appeal only after getting the trial court's

2

permission or on matters that were raised by written motion filed and ruled on before trial. *See* Tex. R. App. P. 25.2(a)(2). Therefore, in accordance with the trial court's amended certification, which does not indicate that either of those two circumstances applies here, we dismiss the appeal. *See* Tex. R. App. P. 25.2(a)(2), (d), 43.2(f); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Shankle*, 119 S.W.3d at 814.

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 30, 2010