**Dismissed and Memorandum Opinion filed September 16, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00608-CR

**MICHAEL MORALES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1379169**

## M E M O R A N D U M   O P I N I O N

Appellant was indicted for indecency with a child. Pursuant to a charge bargain, the State agreed to dismiss two pending charges in exchange for appellant's guilty plea and waiver of right to appeal. The trial court sentenced appellant to fifteen years in prison. Appellant filed a pro se notice of appeal. We dismiss the appeal.

Because this is a charge-bargain case, appellant has the right to appeal under

Texas Rule of Appellate Procedure 25.2(a)(2), only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after receiving the trial court's permission to appeal. *Kennedy v. State*, 297 S.W.3d 338, 340–41 (Tex. Crim. App. 2009); *see also Shankle v. State*, 119 S.W.3d 808, 812–13 (Tex. Crim. App. 2003) (holding that charge bargain that "effectively puts a cap on punishment" is a bargain governed by rule of appellate procedure 25.2(a)(2)). The record does not reflect the trial court's permission to appeal or any pretrial motions that could be appealed.

The trial court entered a certification of the defendant's right to appeal in which the court certified that appellant waived his right to appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d).

Accordingly, we dismiss the appeal.

PER CURIAM

Panel consists of Justices Boyce, Jamison, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).