**Dismissed and Memorandum Opinion filed May 28, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00654-CR

---

## CHAD SMALL, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 1383973**

---

### M E M O R A N D U M    O P I N I O N

Appellant was charged with four offenses in four separate causes: (1) aggravated robbery with a deadly weapon in cause 1383973, which is the cause underlying this attempted appeal; (2) burglary of a habitation in cause 1349797; (3) assault of a family member in cause 1349798; and (4) possession of a prohibited item in a correctional facility in cause 1427347.

Pursuant to a charge bargain, which is a type of plea bargain, the state

dismissed the charges in the latter two causes (1349798 and 1427347) in exchange for appellant's guilty plea in the underlying cause (1383793).[1] The state said punishment should be based on the recommendation in the forthcoming pre-sentence investigation report.

The trial court sentenced appellant to 25 years in prison. The certification of the defendant's right to appeal says this is a plea-bargain case and the defendant has no right to appeal. Appellant filed a timely notice of appeal.

On appellant's motion, we abated the appeal for the trial court to review the record and, if necessary, correct the certification of the defendant's right to appeal. The trial court held a hearing on April 8, 2015. The state submitted, and the trial court admitted, the motions to dismiss in causes 1349798 and 1427347 as evidence of the charge bargain. At the conclusion of the hearing, the trial court ruled this is indeed a plea-bargain case and the defendant has no right to appeal.

We dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2). Because this is a plea-bargain case, appellant has the right to appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after receiving the trial court's permission to appeal. *Kennedy v. State*, 297 S.W.3d 338, 340–41 (Tex. Crim. App. 2009); *Shankle v. State*, 119 S.W.3d 808, 812–13 (Tex. Crim. App. 2003) (holding that state's agreeing not to prosecute defendant in a separate cause constituted a charge bargain).

The record does not reflect the trial court's permission to appeal or any pretrial motions that could be appealed. Accordingly, we dismiss the appeal.

---

[1] After the trial court dismissed cause 1349798 on the state's motion, appellant attempted to appeal from that cause. We dismissed that appeal because an order granting the state's motion to dismiss is not an appealable order. *See* No. 14–14–00653-CR, *Small v. State* (Tex. App.— Houston [14th Dist.] Sept. 4, 2014) (mem. op.) (not designated for publication).

PER CURIAM


Panel consists of Justices Boyce, Jamison, and Donovan

Do Not Publish — Tex. R. App. P. 47.2(b).