**Order filed July 2, 2015**



In The

# Fourteenth Court of Appeals

_____

### NO. 14-15-00165-CR
### NO.  14-15-00166-CR

_____

### JUSTIN RENE MAES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1409059 and 1409060**

---

## ORDER

This Court received the clerk's records in these appeals on March 31, 2015. The certifications of the defendant's right of appeal appear incorrect. The certifications state this "is not a plea-bargain case, and the defendant has the right of appeal." The certification does not state the trial court granted permission to appeal.

Our review of the clerk's record shows these are plea bargain cases. Pursuant to a charge bargain, the State agreed not to file additional charges for seven incidents in exchange for appellant's plea of guilty in both of these cases. A charge-bargain, like that entered into by the appellant and the State in these cases, where the defendant agrees to plead guilty in exchange for the prosecutor refraining from bringing another charge, is a plea bargain under Texas Rule of Appellate Procedure 25.2. *See Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003). Because this is a charge-bargain case, under Texas Rule of Appellate Procedure 25.2(a)(2) appellant has the right to appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after receiving the trial court's permission to appeal. *Kennedy v. State*, 297 S.W.3d 338, 340–41 (Tex. Crim. App. 2009); *see also Shankle*, 119 S.W.3d at 812–13 (holding that charge bargain that "effectively puts a cap on punishment" is a bargain governed by rule of appellate procedure 25.2(a)(2)).

On April 6, 2015, and May 20, 2015, pursuant to Tex. R. App. P. 37.1, we requested the trial court to review the record and remedy the defective certification of the defendant's right to appeal. As of today, the court has not received a corrected certification of the defendant's right to appeal. In connection with this appeal, we order the trial court to review the record and correct the certification of the defendant's right of appeal, request the trial court clerk to prepare and certify a supplemental clerk's record containing the corrected certification, and file the supplemental clerk's record with this court within 30 days of the date of this notice.

PER CURIAM

Panel consists of Justice Christopher, Brown and Wise.