

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00225-CR

CHARLES JOSEPH BANDY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 30,872

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Charles Joseph Bandy was indicted on two counts of sexual assault of a child, both second-degree-felony offenses. *See* TEX. PENAL CODE ANN. § 22.011(f) (West Supp. 2017). He pled guilty to, and was convicted of, one count of the lesser-included offense of indecency with a child. The trial court sentenced Bandy to seven years' imprisonment.

In his sole point of error on appeal, Bandy argues that the trial court erred in accepting his plea because it was not freely and voluntarily made. Because we are without jurisdiction to address this issue, we must dismiss Bandy's appeal.

The record reflects that (1) Bandy was indicted on two counts of sexual assault of a child, both second-degree-felony offenses; (2) Bandy and the State executed a document titled "Agreed Punishment Recommendation" in which the State agreed to prosecute Bandy for only one count of the lesser-included offense of indecency with a child, also a second-degree felony;[1] (3) the State dismissed the second count alleging sexual assault of a child; and (4) Bandy simultaneously executed a waiver of the right to appeal the issue of guilt/innocence.[2] Thus, the State and Bandy entered into a charge bargain, which "involves questions of whether a defendant will plead guilty to the offense that has been alleged or to a lesser or related offense, and of whether the prosecutor will dismiss, or refrain from bringing, other charges." *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003).

---

[1]*See* TEX. PENAL CODE ANN. § 21.11(d) (West Supp. 2017).

[2]The Texas Court of Criminal Appeals held that a presentence waiver of the right to appeal is proper when the State has given adequate consideration for the waiver. *Ex parte Broadway*, 301 S.W.3d 694, 697–98 (Tex. Crim. App. 2009).

Under the Court of Criminal Appeals' reasoning in *Shankle* and its progeny, "charge-bargaining affects punishment . . . [and] effectively puts a cap on punishment at the maximum sentence for the charge that is not dismissed." *Id.* Accordingly, the charge bargain constitutes a plea agreement for purposes of Rule 25.2(a)(2). *See id.*; *Kennedy v. State*, 297 S.W.3d 338, 339 (Tex. Crim. App. 2009). The Texas Legislature has granted a very limited right of appeal in plea bargain cases. Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure details that right as follows:

> (2)    . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
>> (A)    those matters that were raised by written motion filed and ruled on before trial, or
>>
>> (B)    after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2).

The trial court's certification of right of appeal filed in this matter shows that this was a plea bargain case in which Bandy had the right to appeal matters affecting punishment only. The notice of appeal also states that Bandy wishes to appeal from his sentence. However, the sole point of error on appeal is related only to guilt/innocence. Because the trial court's certification does not grant Bandy the right to appeal matters unrelated to punishment, we are without jurisdiction over the sole point of error raised by Bandy on appeal.

3

Accordingly, we dismiss this appeal for want of jurisdiction.


Ralph K. Burgess
Justice

Date Submitted:     October 16, 2017
Date Decided:       December 6, 2017

Do Not Publish