

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00099-CR

RODRICK RAMONE MOSLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1927000

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Rodrick Ramone Mosley was indicted for manufacture or delivery of a controlled substance, two counts of possession of a controlled substance with intent to deliver, and three counts of delivery of a controlled substance. Pursuant to a charge bargain with the State, Mosley pled guilty to manufacture or delivery of a controlled substance,[1] and the State agreed to abandon the other five indictments against him.

"Charge-bargaining involves questions of whether a defendant will plead guilty to the offense that has been alleged or to a lesser or related offense, and of whether the prosecutor will dismiss, or refrain from bringing, other charges." *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Under the Court of Criminal Appeals' reasoning in *Shankle* and its progeny, "charge-bargaining affects punishment . . . [and] effectively puts a cap on punishment at the maximum sentence for the charge that is not dismissed." *Id*. Accordingly, the charge bargain constitutes a plea agreement for purposes of Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. *Id*.; *see Kennedy v. State*, 297 S.W.3d 338, 339 (Tex. Crim. App. 2009).

Because this is a charge-bargain case, Mosley, under Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure,[2] has the right to appeal those matters that were raised by written motion filed

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c).

[2]The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

and ruled on before trial, or after receiving the trial court's permission to appeal. *See Kennedy*, 297 S.W.3d 340–41; *Shankle*, 119 S.W.3d at 812–13.

The clerk's record filed in this matter contains no written motions filed by Mosley and ruled on before trial. Further, there is no indication in the record that Mosley obtained the trial court's permission to appeal. To the contrary, the trial court's certification of Mosley's right of appeal indicates that this is a plea-bargain case in which Mosley has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d).

On May 14, 2019, we informed Mosley of the apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. Mosley provided no response to our communication.

---

        (A)    those matters that were raised by written motion filed and ruled on before trial, or

        (B)    after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2).

3

Because Mosley has no right of appeal as a result of his plea bargain with the State and because the trial court's certification correctly indicates that Mosley is without a right of appeal, we dismiss this appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice

Date Submitted:     June 6, 2019
Date Decided:       June 7, 2019

Do Not Publish