

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00184-CR

YOSENDER ANTONIO MALDONADO-ROJAS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1927026

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Yosender Antonio Maldonado-Rojas was indicted for engaging in organized criminal activity. Pursuant to a charge bargain with the State, Maldonado-Rojas pled guilty to the lesser-included offense of fraudulent use or possession of identifying information.[1] Further, pursuant to Section 12.45 of the Texas Penal Code, Maldonado-Rojas admitted his guilt on two unadjudicated offenses, and prosecution for those offenses was thereafter barred. *See* TEX. PENAL CODE ANN. § 12.45.

"Charge-bargaining involves questions of whether a defendant will plead guilty to the offense that has been alleged or to a lesser or related offense, and of whether the prosecutor will dismiss, or refrain from bringing, other charges." *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Under the Texas Court of Criminal Appeals' reasoning in *Shankle* and its progeny, "charge-bargaining affects punishment . . . [and] effectively puts a cap on punishment at the maximum sentence for the charge that is not dismissed." *Id.* Accordingly, the charge bargain constitutes a plea agreement for purposes of Rule 25.2(a)(2). *See id.*; *Kennedy v. State*, 297 S.W.3d 338, 339 (Tex. Crim. App. 2009).

Because this is a charge-bargain case, Maldonado-Rojas has the right to appeal under Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure[2] those matters that were raised by written

---

[1]TEX. PENAL CODE ANN. § 32.51(b).

[2]The Texas Legislature has granted a very limited right of appeal in plea bargain cases. Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

motion filed and ruled on before trial, or after receiving the trial court's permission to appeal. *See Kennedy*, 297 S.W.3d 340–41; *Shankle*, 119 S.W.3d at 812–13.

The clerk's record filed in this matter contains no written motions filed by Maldonado-Rojas and ruled on before trial. Further, there is no indication in the record that Maldonado-Rojas obtained the trial court's permission to appeal. To the contrary, the trial court's certification of Maldonado-Rojas' right of appeal indicates that this is a plea bargain case in which Maldonado-Rojas has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d).

On September 10, 2019, we informed Maldonado-Rojas of the apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. Although Maldonado-Rojas filed a response to our letter, that response did not resolve the jurisdictional defect that prevents us from hearing his appeal.

---

(A) those matters that were raised by written motion filed and ruled on before trial, [or]
(B) after getting the trial court's permission to appeal.
TEX. R. APP. P. 25.2(a)(2).

Because Maldonado-Rojas has no right of appeal as a result of his plea bargain with the State and because the trial court's certification correctly indicates that Maldonado-Rojas is without a right of appeal, we dismiss this appeal for want of jurisdiction.

Ralph K. Burgess
Justice

Date Submitted:     October 10, 2019
Date Decided:      October 11, 2019

Do Not Publish