

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00343-CR

_____

EDWARD LEE MAYFIELD, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1517743D

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Edward Lee Mayfield attempts to appeal his conviction following a charge bargain. We dismiss for want of jurisdiction.

## Background

In the indictment, the State charged Mayfield with two second-degree-felony aggravated assaults. The alleged dates and complainants were the same. What differed was the alleged deadly weapon. In the first count, the State alleged that Mayfield used or exhibited a knife. *See* Tex. Penal Code Ann. § 22.02(a)(2). In the second count, the State alleged that Mayfield used or exhibited a cellular phone. *See id.*

The indictment also contained a repeat-offender notice, which raised the punishment range for both offenses to that of a first-degree felony. *See id.* § 12.42(b).

In April 2019, the State waived count one, Mayfield confessed to count two and to the repeat-offender notice, and the court deferred sentencing while the probation department prepared a presentence-investigation report (PSI). The trial court's "Certificate of Proceedings" shows that Mayfield entered an "open [guilty] plea" to count two. The "Written Plea Admonishments" show an "open plea" with "waive count[] one."[1]

---

[1]A nonexistent count three was also purportedly waived.

In August 2019, after the PSI had been prepared, the trial court sentenced Mayfield to 40 years in the penitentiary. Under the heading "Terms of Plea Bargain: (if any)," the judgment recites, "Open plea to the court w/psi; waive count[] one."[2]

Mayfield appealed, but the trial court's "Certification of Defendant's Right of Appeal" showed that he was appealing a conviction following a plea bargain and that he had no right to appeal. Based on the certification, we informed Mayfield that we might dismiss his appeal unless he (or any other party) filed a response showing grounds for continuing it. *See* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2).

Mayfield responded. He argues that the certification is incorrect because there was neither a punishment bargain nor a charge bargain.

Because there was no agreement about punishment, Mayfield asserts that there was no punishment bargain. We agree. In that sense, the plea before the trial court was an "open" one because the actual punishment assessed was "was left to the discretion of the trial judge." *See Kennedy v. State*, 297 S.W.3d 338, 341–42 (Tex. Crim. App. 2009); *Harper v. State*, 567 S.W.3d 450, 454 (Tex. App.—Fort Worth 2019, no pet.) (stating that an open plea is (1) one with a charge bargain but not a sentence bargain or (2) no plea bargain whatsoever).

---

[2]The judgment also notes the State's waiving a nonexistent count three.

Mayfield then argues that there was no charge bargain either because the State's waiving the first paragraph did not change the punishment range. Both the first and second counts were second-degree felonies, and the enhancement paragraph applied equally to both. Furthermore, the two offenses were committed against the same person, on the same date, and during the same criminal episode, and were charged in the same indictment, so he asserts that even if he had been convicted of both offenses, they would have run concurrently. *See* Tex. Penal Code Ann. § 3.03. Because the punishment range was not affected in the least, Mayfield argues, there was no charge bargain. We disagree.

## The Relevant Law

"Charge-bargaining involves questions of whether a defendant will plead guilty to the offense that has been alleged or to a lesser or related offense, and of whether the prosecutor will dismiss, or refrain from bringing, other charges." *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *see Thomas v. State*, 516 S.W.3d 498, 502 (Tex. Crim. App. 2017); *Kennedy*, 297 S.W.3d at 341. A charge bargain means a "plea bargain whereby a prosecutor agrees to drop some of the counts or reduce the charge to a less serious offense in exchange for a plea of either guilty or no contest from the defendant." *Harper*, 567 S.W.3d at 455 (quoting *Charge Bargain*, Black's Law Dictionary (10th ed. 2014)); *see also Hodge v. State*, No. 05-18-00549-CR, 2019 WL 3212150, at *2 (Tex. App.—Dallas July 9, 2019, no pet.) (mem. op., not designated for publication) ("A 'charge bargain' refers to an arrangement whereby the State agrees to drop some

4

of the charged counts or reduce the charge to a less serious offense in exchange for a plea of guilty or nolo contendere."); *Dever v. State*, No. 02-07-00233-CR, 2008 WL 3179936, at \*2 (Tex. App.—Fort Worth Aug. 7, 2008, no pet.) (mem. op., not designated for publication) ("In 'charge-bargaining,' a defendant agrees to plead guilty to the offense formally alleged or to some lesser or related offense and the State agrees to dismiss, or refrain from bringing, other charges.").

"An agreement to dismiss a pending charge, or not to bring an available charge, effectively puts a cap on punishment at the maximum sentence for the charge that is not dismissed." *Shankle*, 119 S.W.3d at 813; *see Thomas*, 516 S.W.3d at 502; *Kennedy*, 297 S.W.3d at 341. "An agreement to dismiss a pending charge, or not to bring an available charge, effectively caps punishment at the maximum sentence for the charge that remains." *Hodge*, 2019 WL 3212150, at \*3; *see Mosley v. State*, No. 06-19-00099-CR, 2019 WL 2402273, at \*1 (Tex. App.—Fort Worth June 7, 2019, no pet.) (mem. op., not designated for publication).

### Discussion

Here, the State dropped count one, which alleged that Mayfield used a knife as a deadly weapon, and Mayfield pleaded guilty to count two, which alleged a cellular phone as the deadly weapon. Mayfield's punishment was capped to count two. That fits the definition of a charge bargain. *See Shankle*, 119 S.W.3d at 813.

Mayfield argues that because (1) his punishment range after he pleaded guilty was the same as his punishment range before he pleaded guilty and (2) the sentences would have run concurrently, the punishment cap never changed. We disagree.

Before the plea bargain, Mayfield faced two convictions and two sentences. Even if the sentences would have run concurrently, in its discretion, the trial court was not obligated to assess the same punishment for both offenses. After the plea bargain, Mayfield faced only one conviction—for the offense involving the cellular phone and not the offense involving the knife—and one sentence. We do not have to decide if it was a particularly good charge bargain. We must decide only whether it was a charge bargain, and it was. *See Kennedy*, 297 S.W.3d at 342.

Because Mayfield had no right to appeal as a result of his charge bargain with the State and because the trial court's certification correctly shows that Mayfield is without a right of appeal, we dismiss his appeal for want of jurisdiction. *See* Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 27, 2019

6