**Appeals Dismissed and Memorandum Opinion filed January 23, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00743-CR
## NO. 14-19-00744-CR
## NO. 14-19-00745-CR

## CHRISTOPHER DEMOND HOLLIS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1497343, 1500001, and 1516940**

## MEMORANDUM OPINION

Appellant was indicted for one count of capital murder and two counts of aggravated robbery with a deadly weapon. Pursuant to a plea bargain agreement, the State agreed (1) to reduce the capital-murder charge to murder and (2) that appellant's punishment in each case would not exceed 50 years' imprisonment, and appellant agreed to plead guilty to each offense. The trial court sentenced appellant

to 50 years' imprisonment for each offense, the sentences to run concurrently. Appellant filed a timely notice of appeal in each case.

A plea bargain case is one in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. Tex. R. App. P. 25.2(a)(2). An agreement that places a cap on punishment is a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (sentence bargaining may be for recommendations to the court on sentences, including a recommended "cap" on sentencing). A charge bargain—that is, where the State agrees to reduce the charged offense in exchange for the defendant's plea of guilty or nolo contendere—is also a plea bargain for purposes of Rule 25.2(a)(2). *Id.* at 812–13. In a plea bargain case, appellant has the right to appeal under Texas Rule of Appellate Procedure 25.2(a)(2) only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after receiving the trial court's permission to appeal. *Kennedy v. State*, 297 S.W.3d 338, 340–41 (Tex. Crim. App. 2009).

Appellant's punishment of 50 years' imprisonment for each conviction does not exceed the agreed cap of 50 years. The record does not contain any appealable pretrial rulings, and the trial court did not grant appellant permission to appeal. Accordingly, we lack jurisdiction over these appeals.

The trial court signed certifications stating that each case "is not a plea-bargain case, and the defendant has the right of appeal." Because the record did not support those certifications, we requested the trial court to review the records and, if necessary, correct the certifications. The trial court signed amended certifications stating each case was a plea-bargain case and the defendant had no right of appeal. The record supports the amended certifications.

The appeals are dismissed for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Poissant.

Do Not Publish – Tex. R. App. P. 47.2(b)