

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00020-CR

———————————————

JENNIFER SUE WITTEVEEN, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1593748D

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Jennifer Sue Witteveen attempts to appeal from her conviction of theft of property of $150,000 or more but less than $300,000 from a nonprofit organization, a first-degree felony, for which she was sentenced to 8 years' confinement and to payment of restitution in the amount of $295,667.90.[1]  *See* Tex. Penal Code Ann. § 31.03(a), (e)(6)(A), (f)(3)(B).

The trial court's judgment states that this was an "OPEN PLEA WITH PSI; WAIVE COUNT 2."  Count 2 of Appellant's indictment alleged misapplication of fiduciary property in an amount of $30,000 to $150,000, a third-degree felony.[2]  The written plea admonishments that Appellant signed reflect that her plea was "knowingly, freely, and voluntarily entered," that her counsel provided her "fully effective and competent representation," and that she gave up and waived "any and all rights of appeal in this case."

---

[1]The punishment range for theft of property of a value of $150,000 or more but less than $300,000 is usually that of a second-degree felony, *see* Tex. Penal Code Ann. § 31.03(e)(6)(A), but the punishment range here was increased to that of a first-degree felony because the property's owner was a nonprofit organization at the time Appellant appropriated the property. *See id.* § 31.03(f)(3)(B).  The punishment range for a second-degree felony is not less than 2 years and not more than 20 years and up to a $10,000 fine. *See id.* § 12.33.  The punishment range for a first-degree felony is not less than 5 years and not more than 99 years or life and up to a $10,000 fine. *See id.* § 12.32.

[2]The punishment range for a third-degree felony is not less than 2 years and not more than 10 years and up to a $10,000 fine. *See* Tex. Penal Code Ann. § 12.34.

Appellant subsequently filed a motion for new trial in which she acknowledged that she had waived her right to appeal but argued that she had received ineffective assistance of counsel when she originally pleaded guilty on November 1 to a lesser charge (theft of property of $30,000 or more but less than $150,000) and then pleaded guilty on November 11 to the greater charge. The trial court denied the motion after an evidentiary hearing.[3]

The trial court's initial certification of Appellant's right of appeal stated that the case was not a plea-bargain case and that Appellant had the right of appeal. But after this court notified the parties that the certification appeared to be defective because Appellant had signed written waivers of her right to appeal and because there appeared to have been a charge (not plea) bargain, the trial court filed an amended certification. The amended certification stated that this "is a plea-bargain case, and the defendant has NO right of appeal." The trial court subsequently filed another

---

[3]At the hearing, Appellant's trial counsel agreed that he had not researched or advised Appellant on the effect of the Double Jeopardy Clause but stated that Appellant "had always known that . . . the proper charge which she was supposed to be going forth on was the first degree," that they had had many discussions about the first-degree offense, that Appellant did not contest or dispute how much money she had taken, which was more than $150,000, and that Appellant's ultimate desire had been for community supervision. Appellant agreed that she had understood prior to November 1 that her theft charge had been for property valued at between $150,000 and $300,000 but said that between November 5 and 11, her counsel did not discuss double jeopardy with her and that on November 11, she had not believed that she had any option other than to plead guilty. Appellant asserted that if she had known about the double-jeopardy bar, she would have made a materially different decision.

amended certification, stating that "the defendant has waived in writing the right of any and all appeal."

We notified Appellant that we questioned our jurisdiction over her attempted appeal. *See* Tex. R. App. P. 44.3. Appellant responded that the record is devoid of any evidence that she waived her right to appeal in exchange for anything. However, the record reflects that Appellant entered a charge bargain. Our place is to decide whether there was a charge bargain, not whether it was a good bargain. *See Mayfield v. State*, No. 02-19-00343-CR, 2019 WL 6335421, at *2 (Tex. App.—Fort Worth Nov. 27, 2019, no pet.) (mem. op., not designated for publication). Waiver of the second count resulted in Appellant's facing only one conviction and one sentence, whereas before the plea bargain, she faced two convictions and two sentences. *See Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009) (observing that charge-bargain agreement was entered into when appellant agreed to plead guilty to aggravated assault on a peace officer with a deadly weapon in exchange for dismissal of first-degree attempted capital murder and third-degree deadly conduct charges because "[u]nder the plea-bargain agreement, [the appellant] was subject to a single punishment for a first degree felony offense").

Because an appeal must be dismissed if the trial court's certification does not show that the defendant has a right of appeal, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Jones v. State*, 488 S.W.3d 801, 807 (Tex. Crim. App. 2016).

4

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 29, 2020