**Dismiss and Opinion Filed August 24, 2022**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00506-CR**

**SHELYE GRANADOS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F20-14095-H**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Carlyle

Shelye Granados filed a notice of appeal, seeking to challenge her conviction for aggravated sexual assault of a child younger than fourteen years of age. Appellant was indicted for continuous sexual abuse of a child younger than fourteen years of age, a first-degree felony offense punishable by imprisonment for life or a term twenty-five to ninety-nine years in prison, without the possibility of parole. However, she and the State entered into a written plea agreement in which she agreed to plead guilty and waive her right to appeal in exchange for the State dropping the charge to aggravated sexual assault of a child younger than fourteen years of age,

also a first-degree felony offense but punishable by imprisonment for life or a term of not more than 99 years or less than 5 years with the possibility of parole. The plea agreement bears the signatures of appellant, appellant's counsel, the prosecutor, and the trial court. The trial court granted the State's motion to reduce the charged offense, found appellant guilty, and assessed punishment at eighteen years in prison. The trial court certified appellant had no right to appeal because this is a plea bargain case.

After the clerk's and reporter's records were filed, we notified the parties we had concerns regarding our jurisdiction and requested letter briefs. Both appellant and the State responded. After considering those briefs and the appellate record, we dismiss this appeal for want of jurisdiction.

Two basic kinds of plea bargains affect punishment: (1) sentence bargaining and (2) charge bargaining. *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Sentence bargaining may be for binding or nonbinding recommendations to the court on sentences, including a recommended cap on a sentence or the State's agreement to drop an enhancement paragraph thereby reducing the punishment range. *See id*. Charge bargaining involves questions of whether the defendant will plead guilty to the offense that has been alleged or to a lesser or related offense and whether the prosecutor will dismiss or refrain from bringing other charges. *Id*. Both sentence bargaining and charge bargaining affect punishment and constitute plea bargain agreements under appellate rule 25.2. *See id*.; TEX. R. APP. P. 25.2(a)(2).

In this case, appellant pleaded guilty in exchange for the State's agreement to reduce the charged offense to the lesser-included offense of aggravated sexual assault of a child. The charge reduction had the effect of reducing the minimum statutory sentence from twenty-five to five years' confinement, and further made appellant eligible for probation or parole. Appellant was sentenced to eighteen years' confinement, below the minimum sentence appellant originally faced.

Under rule 25.2, appellant may appeal only (1) those matters raised by written motion filed and ruled on before trial, (2) after getting the trial court's permission to appeal, and (3) where the specific appeal is expressly authorized by statute. *See* TEX. R. APP. P. 25.2(a)(2); *Kennedy v. State*, 297 S.W.3d 338, 340–41 (Tex. Crim. App. 2009). Other than a motion to substitute counsel, the clerk's record filed in this appeal contains no written motions filed by appellant and ruled on before trial. Appellant did not receive the trial court's permission to appeal, and there is no specific statutory authorization that would authorize an appeal in this case. Under these circumstances, we must dismiss the appeal without further action. *See* TEX. R. APP. P. 25.2(d); *Chavez v. State,* 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

We dismiss this appeal.

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE

220506f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SHELYE GRANADOS, Appellant

No. 05-22-00506-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F20-14095-H.
Opinion delivered by Justice Carlyle. Justices Myers and Goldstein participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for lack of jurisdiction.

Judgment entered this 24th day of August, 2022.