

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

————————————————————

No. 02-22-00299-CR

————————————————————

AMY TILLEY, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1639840D

Before Wallach, J.; Sudderth, C.J.; Walker, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

The State and Appellant Amy Tilley agreed to a charge bargain under which Appellant pled guilty to aggravated assault of a family member and the State waived two other counts—one count of murder and one of injury to a child, elderly individual, or disabled individual. *See* Tex. Penal Code Ann. §§ 19.02, 22.02(b)(1), 22.04; *Harper v. State*, 567 S.W.3d 450, 454 (Tex. App.—Fort Worth 2019, no pet.) (discussing charge bargains). Tilley also signed a written waiver of her rights of appeal in the case. Tilley was admonished that (1) if the trial court followed the agreement, she would have to obtain the court's permission before she could prosecute an appeal "on any matter in the case except for matters raised by written motion filed prior to trial" and (2) the trial court "seldom consents to an appeal where conviction is based upon a guilty plea." *See* Tex. R. App. P. 25.2; *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (noting that "[a]n agreement to dismiss a pending charge, or not to bring an available charge, effectively puts a cap on punishment at the maximum sentence for the charge that is not dismissed," such that the charge bargain falls within Rule 25.2); *Harper*, 567 S.W.3d at 455 (discussing charge bargains and Rule 25.2(a)(2)).

In accordance with the parties' agreement, the trial court found Appellant guilty of the aggravated assault count, and the court sentenced her to forty years' confinement in the Institutional Division of the Texas Department of Criminal

Justice. The trial court signed a certification stating that Tilley had "NO right of appeal." Tilley then filed this appeal.

After Tilley filed her notice of appeal, this court notified her that we had received the trial court's certification stating that she had no right of appeal. We warned her that the appeal could be dismissed unless she or another party desiring to continue the appeal filed with this court, no later than December 12, 2022, a response showing grounds for continuing the appeal. We have not received a response. Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 25.2, 43.2; *Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009); *Shankle*, 119 S.W.3d at 813.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 23, 2023