

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00009-CR

———————————————

THERESA HAYNES AKA THRESA HAYNES, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1536914D

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

The State and Appellant Theresa Haynes aka Thresa Haynes agreed to a charge bargain under which Haynes pled guilty to two counts—aggravated assault with a deadly weapon and aggravated assault causing serious bodily injury—and pled true to a repeat offender enhancement in exchange for the State's waiving an aggravated robbery count. *See* Tex. Penal Code Ann. §§ 22.02(a)(1), (a)(2), 29.03; *Harper v. State*, 567 S.W.3d 450, 454 (Tex. App.—Fort Worth 2019, no pet.) (discussing charge bargains). Haynes also signed a written waiver of her right of appeal in this case. Haynes was admonished that when a trial court follows a plea agreement, (1) the defendant must obtain the court's permission before prosecuting an appeal "on any matter in the case except for matters raised by written motion filed prior to trial" and (2) the trial court "seldom consents to an appeal where conviction is based upon a guilty plea." *See* Tex. R. App. P. 25.2; *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) ("An agreement to dismiss a pending charge, or not to bring an available charge, effectively puts a cap on punishment at the maximum sentence for the charge that is not dismissed."); *Harper*, 567 S.W.3d at 455 (discussing charge bargains and Rule 25.2(a)(2)).

In accordance with the parties' agreement, the trial court found Haynes guilty of aggravated assault with a deadly weapon and aggravated assault causing serious bodily injury and sentenced Haynes to 20 years' confinement on each count, to run concurrently. The trial court's certification of Haynes's right of appeal, which was

signed by the trial court, Haynes, and Haynes's trial counsel, certified that Haynes has waived the right of appeal. Haynes filed this appeal the same day the certification was signed.

After receiving a copy of Haynes's notice of appeal, we notified Haynes that we had received the trial court's certification stating that she had waived the right of appeal. We warned her that this appeal could be dismissed unless she or another party desiring to continue the appeal filed a response by March 27, 2023, showing grounds for continuing the appeal. *See* Tex. R. App. P. 44.3. We have received no response. Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 25.2, 43.2; *Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009); *Shankle*, 119 S.W.3d at 813; *Tilley v. State*, No. 02-22-00299-CR, 2023 WL 2179460, at *1 (Tex. App.—Fort Worth Feb. 23, 2023, no pet.) (mem. op.).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 18, 2023

3