

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00112-CR

_____

JASON PEREZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1661892D

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Jason Perez was charged by indictment with three counts of aggravated assault with a deadly weapon: (1) causing serious bodily injury to a family member, (2) causing bodily injury, and (3) threatening imminent bodily injury. *See* Tex. Penal Code Ann. §§ 22.01(a)(1), (a)(2), 22.02(a)(2), (b)(2). The State and Perez agreed to a charge bargain under which Perez pled guilty to Count One and pled true to a family-violence finding in exchange for the State's waiving Counts Two and Three and a state-of-disaster enhancement.[1] *See Mayfield v. State*, No. 02-19-00343-CR, 2019 WL 6335421, at *2 (Tex. App.—Fort Worth Nov. 27, 2019, no pet.) (mem. op., not designated for publication) ("We do not have to decide if it was a particularly good charge bargain . . . only whether it was a charge bargain, and it was." (citing *Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009))); *Harper v. State*, 567 S.W.3d 450, 454–55 (Tex. App.—Fort Worth 2019, no pet.) (discussing charge bargains).

Perez was admonished that when a trial court follows a plea agreement, (1) the defendant must obtain the court's permission before prosecuting an appeal "on any matter in the case except for matters raised by written motion filed prior to trial" and (2) the trial court "seldom consents to an appeal where conviction is based upon a guilty plea." *See* Tex. R. App. P. 25.2; *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim.

---

[1]*See id.* § 12.50 (state-of-disaster enhancement). For purposes of this appeal, we do not determine whether Section 12.50 applies to aggravated assaults under Section 22.02.

App. 2003) ("An agreement to dismiss a pending charge, or not to bring an available charge, effectively puts a cap on punishment at the maximum sentence for the charge that is not dismissed."); *Harper*, 567 S.W.3d at 455 (discussing charge bargains and Rule 25.2(a)(2)). Perez also signed written waivers of his right of appeal in this case.

In accordance with the parties' agreement, the trial court found Perez guilty of Count One and sentenced him to 25 years' confinement. Perez immediately filed this appeal. After we received a copy of Perez's notice of appeal, we notified the trial court that its certification of Perez's right of appeal, which was signed by the trial court, Perez, and Perez's trial counsel, appeared to be defective because it incorrectly stated that this case "is not a plea-bargain case, and the defendant has a limited right of appeal."[2] *See* Tex. R. App. P. 25.2(d), 37.1; *Mayfield*, 2019 WL 6335421, at \*2. Because the certification incorrectly reflected that Perez had not entered a plea bargain, we requested an amended certification to be filed by the trial court. *See* Tex. R. App. P. 34.5(c)(2). The trial court's amended certification of Perez's right of appeal, which was signed by the trial court and Perez's trial counsel and copied to Perez by certified mail, certified that this is a plea-bargain case, that Perez has no right of appeal, and that Perez has waived the right of appeal.

After we received the amended certification of appeal, we notified Perez that we had received the trial court's certification stating that this is a plea-bargain case,

---

[2]This certification was filed in both this appeal and another appeal pending in this court. *Perez v. State*, 02-22-00113-CR (Tex. App.—Fort Worth filed June 1, 2022).

that he has no right of appeal, and that he has waived the right of appeal. We warned Perez that this appeal could be dismissed unless he or any party desiring to continue the appeal filed a response by November 21, 2022, showing grounds for continuing the appeal. *See* Tex. R. App. P. 44.3. We have received no response. Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 25.2, 43.2(f); *Kennedy*, 297 S.W.3d at 342; *Shankle*, 119 S.W.3d at 813; *Tilley v. State*, No. 02-22-00299-CR, 2023 WL 2179460, at *1 (Tex. App.—Fort Worth Feb. 23, 2023, no pet.) (mem. op.).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 18, 2023