**Appeals dismissed and Memorandum Opinion filed July 11, 2024.**



In The

# Fourteenth Court of Appeals

———————

NO. 14-24-00269-CR
NO. 14-24-00270-CR

———————

**TIFFANY HERRERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1832938 & 1832940**

## MEMORANDUM OPINION

Appellant entered a plea of no guilty to two charges of causing bodily injury to a child under fifteen years of age. The record reflects that in exchange for appellant's guilty pleas, the State agreed to dismiss a third criminal charge against appellant. We dismiss the appeals.

Consistent with the agreement between the parties, the trial court certified

that each of these cases was a plea bargain case and that appellant had no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). An agreement under which the State dismisses a criminal proceeding in exchange for a guilty plea is a plea bargain for purposes of Texas Rule of Appellate Procedure 25.2(a)(2). *Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009); *Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003).

Because appellant's pleas were made pursuant to a plea bargain, she may appeal only matters raised by a written pre-trial motion or with the trial court's permission. *See* Tex. R. App. P. 25.2(a)(2). Appellant is not appealing any pre-trial rulings. The record does not contain any adverse pre-trial rulings.

Accordingly, we dismiss the appeals.

PER CURIAM

Panel consists of Justices Wise, Bourliot, and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).