

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00200-CR

———————————————————

KAILON SHAW, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1761248

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Kailon Shaw waived his right to appeal by entering into a charge bargain with the State.

A charge bargain is "[a] plea bargain whereby a prosecutor agrees to drop some of the counts or reduce the charge to a less serious offense in exchange for a plea of either guilty or no contest from the defendant." *Harper v. State*, 567 S.W.3d 450, 455 (Tex. App.—Fort Worth 2019, no pet.) (quoting *Charge Bargain*, Black's Law Dictionary (10th ed. 2014)); *see Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (clarifying that "[t]he two basic kinds of plea-bargaining in the United States are charge-bargaining and sentence-bargaining"). Here, Shaw was indicted for arson with the intent to damage or destroy a habitation and burglary of a habitation with the intent to commit a felony. Tex. Penal Code Ann. §§ 28.02(d)(2), 30.02(a)(1). He agreed to plead guilty to the arson charge in exchange for the State's dropping the burglary charge. In other words, he entered into a charge bargain.[1] *See Kennedy v. State*,

---

[1]The trial court signed a certification of Shaw's right to appeal, *see* Tex. R. App. P. 25.2(d), but the certification erroneously states that this "is not a plea-bargain case, and the defendant has the right of appeal." Regardless, we are not "vested with the power to consider an appeal by virtue of a trial court's erroneous certification that the defendant does have the right of appeal." *Wheeler v. State*, No. 2-06-008-CR, 2006 WL 496015, at *1 (Tex. App.—Fort Worth Mar. 2, 2006, no pet.) (per curiam) (mem. op., not designated for publication). And "because requiring [an] amended certification[] would be a useless act, we need not delay resolution of th[is] appeal[] to require [one]." *Guy v. State*, Nos. 02-23-00176-CR, 02-23-00177-CR, 02-23-00178-CR, 02-23-00179-CR, 02-23-00180-CR, 02-23-00181-CR, 02-23-00182-CR, 2023 WL 5767374, at *1 n.1 (Tex. App.—Fort Worth Sept. 7, 2023, pet. ref'd) (mem. op., not designated for publication) (internal quotation marks omitted).

297 S.W.3d 338, 340–42 (Tex. Crim. App. 2009) (holding that a plea of guilty to one count in exchange for dismissal of two other counts qualified as a charge bargain). And as part of his charge bargain, he signed a written waiver expressly recognizing that he was "giv[ing] up and waiv[ing] any and all rights of appeal."

When, as in this case, a defendant enters into a charge bargain, he may appeal only (1) matters that were raised by written motion filed and ruled on before trial; (2) after getting the trial court's permission; or (3) where the specific appeal is expressly authorized by statute. Tex. R. App. P. 25.2(a)(2); *see* Tex. Code Crim. Proc. Ann. art. 44.02; *see also Kennedy*, 297 S.W.3d at 340–42 (reiterating that "Rule 25.2(a)(2) applies to charge-bargain cases"). Shaw's appeal does not fall into any of these categories; he does not challenge any matters raised by pretrial motion,[2] he did not receive permission from the trial court to appeal, and there is no statutory authority expressly authorizing his specific appeal.

Because Shaw waived his right to appeal as part of his charge bargain, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 20, 2025

---

[2]Shaw raises a single appellate issue challenging the admission of text messages into evidence during his punishment hearing.