

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00013-CR

———————————————————

ROBERT WESLEY KITCHING, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR14472

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

After Robert Wesley Kitching pleaded guilty to four counts of a six-count indictment and tried punishment to a jury, the jury assessed the following sentences: 99 years' confinement for aggravated sexual assault; 20 years' confinement for attempted aggravated sexual assault; and 15 years' confinement for each of 2 indecency-with-a-child offenses. *See* Tex. Penal Code Ann. § 15.01 (attempt), § 21.11(a)(1) (indecency), § 22.021(a)(1)(B), 2(B) (aggravated sexual assault). The jury also assessed a $10,000 fine for each of the four counts. The trial court ordered the four sentences to run concurrently.[1] Kitching appealed.[2]

---

[1]The trial court signed four judgments in the same cause number.

[2]Kitching pleaded guilty according to a charge bargain with the State; charge bargains bar most appeals. *See* Tex. R. App. P. 25.2(a)(2) (providing that in plea-bargain case, appellant can appeal only (1) matters raised by written motion and ruled on before trial, (2) with the trial court's permission, or (3) as expressly permitted by statute); *Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009). Although the trial judge here marked on the appeal certifications that Kitching had waived his right to appeal guilt, the trial judge also marked that Kitching had not entered into a plea bargain for "punishment." In light of the certifications, the trial judge's assurance to Kitching that he had "an absolute right to appeal," and the trial judge's immediate appointment of an appellate attorney at the conclusion of trial, we determine that the trial judge impliedly gave Kitching permission to appeal punishment matters. *See, e.g., Benavides v. State*, Nos. 02-21-00168-CR, 02-21-00169-CR, 2022 WL 15053332, at *1 (Tex. App.—Fort Worth Oct. 27, 2022, no pet.) (per curiam) (mem. op., not designated for publication); *Franklin v. State*, No. 02-20-00159-CR, 2022 WL 803840, at *1 (Tex. App.—Fort Worth Mar. 17, 2022, no pet.) (mem. op., not designated for publication); *Craven v. State*, Nos. 02-11-00089-CR, 02-11-00090-CR, 2012 WL 2036449, at *1 (Tex. App.—Fort Worth June 7, 2012, pet. ref'd) (per curiam) (mem. op., not designated for publication). *But cf. Marsh v. State*, Nos. 02-21-00150-CR, 02-21-00151-CR, 2023 WL 2178406, at *4–5 (Tex. App.—Fort Worth Feb. 23, 2023, no pet. h.) (mem. op., not designated for publication) (concluding from different facts

Kitching's court-appointed appellate attorney has filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders*, which requires presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. Kitching's counsel provided him with a copy of the *Anders* brief and her motion to withdraw, notified him of his right to file a pro se response and to file a petition for discretionary review in the Court of Criminal Appeals, and provided him with a form motion to access the appellate record. The trial court provided Kitching with a copy of the appellate record, and he filed a brief response stating that although he did "not wish to pursue the [a]ppeal for errors," he wanted this court "to look into [his] sentence . . . for a reduction of time." The State did not file a brief or other response.

We have fulfilled our duty to independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). After doing so, we have determined that the appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing

---

that trial judge's handwritten notations on appeal certification did not indicate permission to appeal). But to provide guidance for those who prepare appeal certifications, we note that the appeal-certification form provides a specific choice for the trial judge in such a circumstance: that the case "is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal."

that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Therefore, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 27, 2023