

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00087-CR

_____

SCOTT EDWIN GRAVES, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR14573

---

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Scott Edwin Graves pleaded guilty to two counts of aggravated assault that occurred during the same criminal episode—one count was for threatening the complainant with a deadly weapon, and the other count was for inflicting serious bodily injury on a different complainant.[1]  *See* Tex. Penal Code Ann. § 22.02(a)(1)–(2). After hearing evidence related to both guilt and punishment, a jury found Graves guilty on both counts and assessed his punishment for each of them at 16 years' confinement and a $5,000 fine.  The trial court sentenced Graves accordingly, ordering the sentences to run concurrently.  Graves did not object to the assessed punishment.

Graves's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion, in which he avers that, in his professional opinion, this appeal is frivolous.  Counsel's brief and motion meet the

[1]The record shows that Graves entered into a charge bargain with the State; in exchange for his guilty pleas, the State waived four enhancement paragraphs and agreed not to prosecute Graves for two pending bail-jumping charges.  *See Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009); *Harper v. State*, 567 S.W.3d 450, 454–55 (Tex. App.—Fort Worth 2019, no pet.).  Although the trial court's certification of Graves's right to appeal incorrectly reflects that this is not a plea-bargain case, we construe the trial judge's remarks on the record as indicating an intent to give Graves permission to appeal.  The trial judge stated on the record that he had checked the box "that says you do have the right to appeal regardless of whatever verdict comes out in this case."  And at the beginning of trial, the judge had admonished Graves that only his right to appeal his admission of guilt would be limited.  Therefore, we conclude that the trial judge impliedly gave Graves permission to appeal.  *See Taylor v. State*, No. 02-21-00208-CR, 2023 WL 3370723, at *1 (Tex. App.—Fort Worth May 11, 2023, no pet.) (mem. op., not designated for publication).

requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by professionally evaluating the appellate record and demonstrating why no arguable grounds for relief exist. *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991). Counsel also complied with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

This court gave Graves the opportunity to file a response on his own behalf, but he did not do so. Likewise, the State did not file a response.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills *Anders*'s requirements, we must independently examine the record for any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record. We agree with counsel that—but for a minor modification to the judgment for an improperly assessed cost—the appeal is wholly frivolous and without merit; we find nothing in the appellate record that otherwise arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

Only the judgment for Count One assesses costs; the total is $535. The bill of costs in the clerk's record generally shows the assessment of costs applicable on the offense date—May 24, 2019. However, also included is a $25 assessment for

"Specialty Court Account – Local CCC." That cost may be assessed only for offenses occurring on or after January 1, 2020. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 5.01, 5.04, 2019 Tex. Gen. Laws 3981, 3983, 3985–86, 4035. Accordingly, we modify the judgment to delete the assessment of that $25 cost. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see also* Tex. R. App. P. 43.2(b).

Having found that the appeal is frivolous, we grant counsel's motion to withdraw. We affirm the trial court's judgment for Count Two in all respects. We modify the trial court's judgment for Count One to reflect total Court Costs of $510, and we modify the Order to Withdraw Funds attached as Attachment A to show that "[c]ourt costs, fees[,] and/or fines and/or restitution have been incurred in the amount of $5[,]510" and to authorize withdrawal only up to that amount. We affirm the judgment for Count One as modified.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 28, 2023