# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00293-CR

---

**Andres Alejandro Barragan, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CR27,921, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Andres Alejandro Barragan was convicted of sexual assault of a child and sentenced to twelve years' confinement by the trial court. *See* Tex. Penal Code § 22.011(a)(2). Pursuant to a plea bargain, Barragan pleaded guilty, judicially confessed to the indicted offense, and waived his "right to appeal[,] including the right to appeal any decisions made by the Court in any and all pre-trial hearings." In exchange, the parties agreed that the available sentencing range would be capped at fifteen years, and the State recommended that the trial court consider an unadjudicated charge of marijuana possession. *See* Tex. Penal Code § 12.45 (barring prosecution for unadjudicated offenses considered during sentencing hearing); *Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009) (reaffirming that charge-bargaining constitutes plea bargain for purposes of Rule 25.2(a)(2)); *Shankle v. State*,

119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (explaining that "[s]entence-bargaining may be for binding or non-binding recommendations to the court on sentences, including a recommended 'cap' on sentencing"); *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (listing cases holding that "an agreement to a punishment cap is a plea agreement within the meaning of Rule 25.2 of the Texas Rules of Appellate Procedure"). The State's recommendation—signed by Barragan and his attorney—also contained a checked box next to the provision: "WAIVE ALL RIGHTS TO APPEAL, INCLUDING NOTICE OF APPEAL AND MOTIONS FOR NEW TRIAL. WITHDRAW ALL PRE-TRIAL MOTIONS." The trial court accepted the plea bargain.

The parties acknowledged the existence of the sentencing cap during the punishment hearing, and the judgment of conviction noted both the cap and the trial court's consideration of the unadjudicated marijuana-possession charge. Barragan's right to appeal was not addressed at the hearing. In its certification of Barragan's right of appeal, the trial court certified that this is "a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2 (requiring certification of defendant's right of appeal). However, next to the certification, the trial judge wrote "~~sentencing~~ guilt/innocence." The judge did not check the box providing that this is "a plea-bargain case, but the trial court has given permission to appeal."

It is unclear from the record whether the trial court's notation was intended to signify that the court had given Barragan permission to appeal and, if so, from what. Accordingly, we abate this appeal and remand the cause to the trial court for entry of an amended certification clarifying Barragan's right of appeal. *See Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005) (requiring court of appeals to obtain another certification when certification in record "is correct in form but . . . proves to be inaccurate"); *Saldana v. State*,

No. 03-17-00151-CR, 2017 WL 2856456, at *1 (Tex. App.—Austin June 27, 2017, order) (mem. op., not designated for publication) (abating for clarification due to "conflicting information in the clerk's record about [defendant]'s right to appeal"). The trial court is instructed to prepare and file with this Court an amended certification specifying whether this is a plea-bargain case for which Barragan has no right of appeal, whether he has waived his right of appeal, or whether the trial court has given him permission to appeal. If the trial court has given Barragan permission to appeal, it shall note the scope of the permission. The supplemental clerk's record containing the amended certification shall be forwarded to this Court within fifteen days of the date reflected in this opinion.

It is so ordered on June 20, 2025.


Before Justices Triana, Theofanis, and Crump

Abated and Remanded

Filed:   June 20, 2025

Do Not Publish