

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00267-CR

Ruben Alexander **CARRILLO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR8334
Honorable Raymond Angelini, Judge Presiding

PER CURIAM

Sitting:      Lori Massey Brissette, Justice
           Adrian A. Spears II, Justice
           H. Todd McCray, Justice

Delivered and Filed: July 30, 2025

DISMISSED

The trial court signed a judgment of conviction indicating that appellant Ruben Alexander Carrillo had pleaded guilty in the underlying case to the charged offense of possession with the intent to deliver a controlled substance of four grams or more but less than 200 grams. The clerk's record shows the trial court signed a certification stating the underlying case "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). We must dismiss

an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

This court has a duty to examine the record to determine whether the trial court's certification of defendant's right to appeal is accurate. *See Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005). Generally, this review involves an examination of the clerk's record to determine whether the punishment assessed by the trial court exceeds the punishment recommended by the prosecutor and agreed to by the defendant. *See Tex. Code Crim. Proc.* art. 44.02; *Shankle v. State*, 119 S.W.3d 808, 811–12 (Tex. Crim. App. 2003). Here, because the clerk's record does not establish that the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, we also reviewed the reporter's record. The reporter's record shows that appellant agreed to plead guilty in exchange for the State's agreement to waive two additional counts in the indictment and any enhancement. The reporter's record further shows that the trial court confirmed with appellant and his appointed counsel that these provisions were part of the plea agreement. Finally, the reporter's record shows that appellant stated he understood that he was waiving his right to appeal as part of the charge-bargain agreement.

Based on these facts, the reporter's record appears to support the trial court's certification that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2); *Kennedy v. State*, 297 S.W.3d 338, 339 (Tex. Crim. App. 2009) (citing *Shankle v. State*, 119 S.W.3d 808 (Tex. Crim. App. 2003) and applying 25.2 to charge-bargain agreements).

Accordingly, on June 9, 2025 we notified appellant this appeal would be dismissed under Rule 25.2(d) unless an amended certification showing that appellant has the right to appeal was made part of the appellate record by July 9, 2025. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v.*

*State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). We admonished appellant that if he failed to satisfactorily respond to this order within the time provided, the appeal would be dismissed. Appellant has not responded to our order.

Accordingly, this appeal is dismissed.

PER CURIAM

DO NOT PUBLISH